UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL JAMES SILVA,** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-cv-00480 |
| **13 MANAGEMENT, et al.,** | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **DANIEL JAMES SILVA,** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-cv-00505 |
| **ANDREA FINLAY SWIFT, et al.,** | ) | |
| Defendants. | ) | |

## ORDER

Daniel James Silva, a North Carolina resident, filed two Complaints asserting claims against individuals associated with musician Taylor Swift, state judges, and Judges of this Court. Case No. 3:21-480 (Doc. No. 1); Case No. 3:21-505 (Doc. No. 1). Silva also filed the same application to proceed a pauper in each case. Case No. 3:21-480 (Doc. No. 2); Case No. 3:21-505 (Doc. No. 2). Silva filed his first lawsuit in this Court concerning Ms. Swift, Silva v. Swift, last year. In October 2020, Judge Eli Richardson dismissed the case because it was totally implausible; struck certain pleadings as scandalous; noted the concern that Silva was engaged in an ongoing "trend of harassment" related to Ms. Swift; and ordered that Silva's filings be sent to the United States Attorney. Case No. 3:20-cv-801 (Doc. No. 14). In November 2020, Judge William Campbell dismissed Silva's second related lawsuit, Silva v. Mullen, after concluding, inter alia,

that the allegations were so "wholly conclusory" that they failed to "coherently or plausibly allege" any claim. Case No. 3:20-cv-00938 (Doc. No. 8). The Complaints now before the Court, to which Judges Richardson and Campbell have been added as Defendants, concern the same general subjects: Silva's belief that Ms. Swift is engaged in an expansive criminal enterprise; Silva's anger at being prevented by law enforcement from personally "arresting" Ms. Swift at a Nashville residence; and Silva's dissatisfaction with adverse legal decisions. Before Silva's latest two cases may proceed, however, the Court must address two threshold matters.

I. **Application to Proceed as a Pauper**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). However, an application to proceed as a pauper must enable the Court to determine whether a plaintiff can pay court costs "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Here, Silva failed to follow the instructions on the Court's form application and left many answers blank. For example, Silva wrote "NA" in large letters over two pages of the application, including basic questions concerning assets and expenses. Accordingly, Silva has not provided sufficient information for the Court to make an accurate undue hardship determination. Silva's applications to proceed as a pauper (Case No. 3:21-480 (Doc. No. 2); Case No. 3:21-505 (Doc. No. 2)) are therefore **DENIED WITHOUT PREJUDICE** to the filing of an amended application.

II. **Sufficiency of the Complaint**

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). However, "this lenient treatment has limits." Frengler v. Gen. Motors, 482 F.

2

App'x 975, 976 (6th Cir. 2012) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (noting that "courts should not have to guess at the nature of the claim asserted")). Pro se plaintiffs must always meet basic pleading requirements and comply with the Federal Rules of Civil Procedure. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004).

In particular, Federal Rule of Civil Procedure 8 directs that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that, under Rule 8, a complaint must contain enough factual allegations to raise a right to relief above the speculative level); Kuot v. Corr. Corp. of Am., No. 1:16-cv-00006, 2018 WL 655158, at *1 (M.D. Tenn. Feb. 1, 2018) ("[T]he only permissible pleading in a federal district court is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."). The objective of Rule 8 is "to make complaints simpler, rather than more expansive," Conley v. Gibson, 355 U.S. 41, 47 (1957), in order to avoid a complaint that is "so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Kuot, 2018 WL 655158, at *1. Accordingly, the Court may dismiss a complaint that is too long, disorganized, confusing, or argumentative, id. (collecting cases), or that contains "diatribes far removed from the heart of the claim." Barnard v. Beckstrom, No. 07-cv-19-HRW, 2007 WL 1558525, at *3 (E.D. Ky. May 29, 2007).

The Complaints do not comply with Rule 8 because they do not, as required, contain a short and plain statement of claims showing that Silva is entitled to relief. The Complaints are overly long (each over 50 pages with exhibits), rambling, disorganized, confusing, and often argumentative. See Case No. 3:21-480 (Doc. No. 1); Case No. 3:21-505 (Doc. No. 1). As a result, the Complaints are too prolix and impermissibly speculative. Twombly, 550 U.S. at 555. In each

3

case, an amended complaint is necessary to comply with Rule 8, give proper notice of Silva's claims, and present factual matter in a manner sufficient to show those claims are plausible.

### III. Instructions

The Court will allow an opportunity for Silva to address these concerns. First, in each case Silva **MUST** submit either (1) an amended application to proceed as a pauper, or (2) the full $402.00 civil filing fee to the Clerk of Court. If Silva submits an amended application, he must follow all instructions and provide complete answers to every question. Second, in each case Silva **MUST** submit an Amended Complaint that puts Defendants on notice of Silva's claims and offers factual allegations sufficient to demonstrate a plausible right to relief that rises above the speculative level. At a minimum, the Amended Complaint must set forth each civil claim that Silva seeks to pursue against each Defendant, and, in a short and plain manner, the "who, what, where, when, why, and how" of the alleged harm(s) caused by each Defendant. Silva should avoid conclusions, speculation, and rambling discussions.

Silva's responses in each case **MUST** be received by the Court within **30 DAYS** of the date this Order is entered on the docket. Failure to comply with this Order, or to request an extension of time, by the deadline may result in dismissal for want of prosecution and failure to follow an order of the Court. Fed. R. Civ. P. 41(b). The Clerk **SHALL** mail Silva two blank long-form in forma pauperis applications for non-prisoners and two blank form complaints for a civil case (Pro Se 1). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5