UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL JAMES SILVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:21-cv-00505 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| ANDREA FINLAY SWIFT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Daniel James Silva, a pro se North Carolina resident, has filed an Amended Complaint under the Racketeer Influenced and Corrupt Organizations ("RICO") Act against Defendants Andrea Finlay Swift, Scott Kingsley Swift, 13 Management, Neal and Harwell, Judge Joe Binkley, Judge William L. Campbell, Jr., Judge Eli J. Richardson, and Jay Schaudies.[1] (Dkt. No. 11.) Plaintiff also submitted an amended *in forma pauperis* application. (Dkt. No. 12.) The case is ready for decision on the application and initial review of the Amended Complaint.

**I.** *In Forma Pauperis* **Application**

A federal court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To determine if *in forma pauperis* status is appropriate, we consider whether Plaintiff can pay court costs "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The application reflects that Plaintiff is unemployed, unable to drive, and receives a small monthly income that does not significantly

---

[1] We **GRANT** Plaintiff's "Motion to Strike" (Dkt. No. 14), which asks to substitute this version of the Amended Complaint (Dkt. No. 11) for a previous version filed in error (Dkt. No. 9).

exceed basic expenses. (*See* Dkt. No. 12.) Furthermore, Plaintiff reports no significant discretionary expenses, cash reserves, or assets. (*Id*.) Accordingly, we find that Plaintiff cannot pay the full civil filing fee in advance without undue hardship. The application (Dkt. No. 12) is, therefore, **GRANTED**. Plaintiff's prior application (Dkt. No. 10) is **DENIED AS MOOT**.

## II. Initial Review of the Complaint

We must conduct an initial review of the *in forma pauperis* Amended Complaint and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding *in forma pauperis* are still subject to the screening requirements of § 1915(e).").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Brown v. Mastauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

In reviewing the Amended Complaint, we apply the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). We view the Amended Complaint in the light most favorable to a plaintiff and take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)

2

(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). We then consider whether the factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, we do not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

After conducting this initial review, it is readily apparent that the Amended Complaint does not plausibly allege Plaintiff is entitled to relief against any Defendant under the RICO Act. First, Plaintiff alleges that Judges Binkley, Campbell, and Richardson engaged in misconduct while presiding over Plaintiff's legal cases. (*See* Dkt. No. 11 at 11-12.) However, "a judge performing his or her judicial functions is absolutely immune from suit seeking monetary damages."[2] *Johnson v. Gibson*, No. 20-3280, 2020 WL 5353293, at *3 (6th Cir. July 22, 2020) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)). Judicial immunity is not overcome by allegations of bad faith or malice, nor by a judge acting erroneously, corruptly, or in excess of his jurisdiction. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997). A judge is subject to suit only where: (1) the judge acts in a non-judicial capacity; or (2) the judge acts in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. The Amended Complaint does not allege that Judges Binkley, Campbell, or Richardson acted in a non-judicial capacity or in the complete absence of

---

[2] In addition to seeking money damages from all Defendants (*see* Dkt. No. 11 at 20-21), Plaintiff also seeks one form of injunctive relief: the voiding of a final judgment in 2020 federal lawsuit presided over by Judge Campbell. (*Id*. at 20.) This request is frivolous, because the Court has no power to so enjoin a parallel federal judgment. Plaintiff's remedy for a dissatisfying judgment in a separate federal case is an appeal of that judgment to the appropriate U.S. Court of Appeals – here, the Sixth Circuit.

all jurisdiction. (*See* Dkt. No. 11.) Thus, Judges Binkley, Campbell, and Richardson are absolutely immune from Plaintiff's RICO claims.

Moreover, Plaintiff's allegations against the remaining Defendants are speculative and insufficient to plausibly suggest any entitlement to relief under the RICO Act. The Amended Complaint vaguely alleges that the remaining Defendants were – somehow – accessories to concerted RICO violations by non-parties Taylor Swift, Mozianio Reliford (a lawyer), and Andrew Mullen (a police officer). (*See* Dkt. No. 11.) Accordingly, we construe the Amended Complaint to allege that the remaining Defendants were engaged in a RICO conspiracy. *See* 18 U.S.C. § 1962(d); *Silva v. Swift*, Case No. 20-cv-810 (Dkt. No. 14) (construing complaint by Plaintiff to allege similar RICO conspiracy among similar defendants).

The RICO Act allows civil plaintiffs to seek redress for predicate acts of racketeering activity or collection of unlawful debt. *See* 18 U.S.C. § 1962. To state a RICO conspiracy claim, however, a plaintiff must plausibly allege a RICO violation plus "the existence of an illicit agreement to violate the substantive RICO provision." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983)). "An agreement can be shown if the defendant objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Sinito*, 723 F.2d at 1261 (internal quotation and editing marks omitted).

The Amended Complaint, however, fails to coherently allege that any of the remaining Defendants engaged in RICO violations *or* demonstrated an illicit agreement to participate in a criminal enterprise. The Amended Complaint alleges that Defendants Andrea Finley Swift and Scott Kingsley Swift are "potentially guilty of four counts of mail fraud by [Reliford]"; 13

Management "committed multiple counts of [mail and wire fraud]" by directing a non-party lawyer to make "fraudulent filings in all [Plaintiff's] lawsuits"; Neal and Harwell violated RICO by employing Reliford, who committed mail fraud; and Jay Schaudies filed a false police report about Plaintiff and is an "accessory after the fact" of Reliford's mail fraud. (Dkt. No. 11 at 9-13.) These cursory, non-specific allegations are accompanied by untethered statutory references and conclusory accusations.[3] (*See* Dkt. No. 11.) Even construing the Amended Complaint most liberally, we conclude that Plaintiff's allegations are far too speculative to plausibly allege the required elements of a RICO conspiracy. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff has not demonstrated that he is entitled to any relief against Andrea Finley Swift, Scott Kingsley Swift, 13 Management, Neal and Harwell, or Jay Schaudies.

## III. Conclusion

For these reasons, we conclude that Plaintiff has not stated a colorable claim against Defendants under the RICO Act. In the absence of any other plausible right to relief, the Amended Complaint is **DISMISSED**.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, Plaintiff is not certified to appeal the judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                            Honorable Marvin E. Aspen
                                            UNITED STATES DISTRICT JUDGE

Dated: August 26, 2021

---

[3] The remainder of the lengthy Amended Complaint is an amalgam of incomprehensible references, bald assertions, and personal musings that Plaintiff has aired in repeated federal complaints. Discussion of these matters is not necessary for purposes of initial review. (*See* Dkt. No. 12.)